# IN THE COURT OF APPEALS OF IOWA

No. 23-0844
Filed July 24, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TIMOTHY JACOB SPENCER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Heather Lauber, Judge.


        Timothy Spencer attempts to appeal his convictions for robbery in the second degree and theft in the first degree from an older individual. **APPEAL DISMISSED.**


        John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**AHLERS, Presiding Judge.**

Timothy Spencer was charged with robbery in the first degree, theft in the first degree from an older individual, and conspiracy to commit a forcible felony. The parties reached a plea agreement. Pursuant to the agreement, the State dismissed the conspiracy charge, and Spencer entered *Alford* pleas[1] to a reduced charge of robbery in the second degree and the original theft charge.

At the combined plea and sentencing hearing, the State recited the terms of the plea agreement. Those terms included a joint sentencing recommendation of consecutive prison sentences not to exceed thirty-five years with a mandatory minimum of seven years. The terms also included a recommendation that the fine on the robbery charge be suspended and that pecuniary damages be paid to the victim. Both defense counsel and Spencer agreed that the State's description of the plea agreement was accurate and recommended that the court adopt the sentence agreed to by the parties. The court imposed the sentences as recommended by the parties.

Spencer attempts to appeal his sentence. He contends the court imposed an illegal sentence by suspending the fine on the robbery charge without placing him on probation. The State counters by asserting this court lacks jurisdiction to hear Spencer's appeal because Spencer does not have good cause to appeal.

Iowa Code section 814.6(1)(a)(3) (2023) denies a criminal defendant a right to appeal if the defendant pleaded guilty to an offense other than a class "A" felony

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and voluntarily, knowingly, and understandingly agreeing to allow the court to consider such strong evidence of guilt in accepting the plea).

unless the defendant establishes good cause. In *State v. Damme*, the supreme court concluded that defendants have good cause to appeal when they challenge their sentence rather than the guilty plea itself if the sentence is neither mandatory nor agreed to as part of a plea agreement. 944 N.W.2d 98, 105 (Iowa 2020). Here, while Spencer pleaded guilty to offenses other than a class "A" felony and is only challenging his sentence, he received the sentence he agreed to under the terms of the plea agreement. Because Spencer received the sentence to which he agreed, he has failed to establish good cause and this court lacks jurisdiction to hear his attempted appeal. *See id.* (noting lack of good cause when the defendant receives an agreed-upon sentence); *State v. Brumley*, No. 23-1693, 2024 WL 2842224, at *1 (Iowa Ct. App. June 5, 2024) (dismissing appeal for lack of good cause following a guilty plea when the defendant receives the agreed-upon sentence).

**APPEAL DISMISSED.**